# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ANTOINE ABOU ROUPHAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 8:23-cv-822 |
| ) | |
| KAREN KHAMISI and ANDRAWOS ) | |
| KHAMISI, ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, ANTOIINE ABOU ROUPHAEL ("Plaintiff" or "Mr. Rouphael"), by and through his undersigned counsel, and files this Complaint against Defendants KAREN KHAMISI and ANDRAWOS KHAMISI ("Defendants") and respectfully states as follows:

## INTRODUCTION

1. This is an action arising under 8 U.S.C. §1183a, Section 213a of the Immigration and Nationality Act ("INA") to enforce an Affidavit of Support (Form I-864) against the Defendants/Sponsors, with respect to the financial support of the sponsored foreign national, Plaintiff Mr. Rouphael.

2. This is an action for breach of contract, seeking money damages and specific performance, as well as costs and attorney's fees.

3. Plaintiff seeks to enforce his statutory and contractual rights under the Form I-864 ("Affidavit of Support" or "Affidavit"), and to require Defendants to pay damages for past breaches and to immediately specifically perform all obligations going forward and for his attorney's fees and costs for having to institute this action for enforcement.

4. This action is brought by Plaintiff, as an intended third-party beneficiary under the Affidavit of Support against his sponsors, the Defendants, who are Mr. Rouphael's soon to be ex-wife and ex-father-in-law. Defendants have failed to provide financial support to maintain Plaintiff at an income not less than 125% of the Federal Poverty Line during the period in which the Affidavit has been enforceable, as required by federal law. The Affidavit is attached here to as **Exhibit A.**

5. Where a family-sponsored immigrant seeks admission as a Lawful Permanent Resident ("LPR"), 8 U.S.C. § 1182(a)(4)(C)(ii) requires the execution of Form I-864, described at 8 U.S.C. § 1183a, INA § 213A, to overcome the "public charge" ground of inadmissibility under 8 U.S.C. § 1182(a)(4)(C), INA § 212(a)(4)(C). The purpose of the statute and Affidavit is to ensure that the immigrant, once he becomes an LPR, does not become a public charge or become dependent on public benefits for his support. *See* 8 C.F.R. § 213a.2(c)(2).

6. The Affidavit of Support is a contract between the U.S. citizens (here, the Defendants) and the United States Government that requires the Defendants to provide the beneficiary (Plaintiff, Mr. Rouphael) with financial support at not less than 125% of the federal poverty line during the period in which the Affidavit of Support is enforceable. *See* 8 U.S.C. § 1183a(a)(1)(A). Form I-864 is also "legally enforceable against the Sponsor (Defendants) by the Sponsored Alien (Plaintiff)…" 8 U.S.C. § 1183a(a)(1)(B).

7. The Affidavit of Support warns the Defendants: "[i]f you [the Sponsor] do not provide support to the person who becomes a permanent resident [or LPR] based on the Form I-864 that you signed, **that person [Plaintiff] may sue you [Defendants] for this support**." *See* **Exhibit A**, at p. 6 (emphasis added).

8. The Affidavit of Support also informs Defendant Karen Khamisi that "Divorce **does not** terminate your obligation under Form I-864." *See* **Exhibit A** at p. 7 (emphasis added).

## PARTIES

9. Plaintiff is a citizen of Lebanon, and a resident of Tampa, Florida. He is a lawful permanent resident of the United States by way of his marriage to Defendant Karen Khamisi.

10. Defendant Karen Khamisi is a citizen of the United States and a resident of Tampa, Florida. She is a sponsor of the Affidavit of Support (I-864) at issue in this case.

11. Defendant Andrawos Khamisi is a citizen of the United States and a resident of Collegeville, Pennsylvania. He is a co-sponsor of the Affidavit of Support at issue in this case.

## JURISDICTION

12. This action is brought pursuant to 8 U.S.C. §1183a of the Immigration and Naturalization Act.

13. Jurisdiction is provided by 8 U.S.C. § 1183a(e) which states in pertinent part that "[a]n action to enforce an affidavit of support executed under subsection (a) may be brought against the sponsor in any appropriate court (1) by the sponsored alien, with respect to financial support."

14. Jurisdiction is also founded upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

15. Venue is proper pursuant to 28 U.S.C. §1391(b) as the causes of action arose in Florida and all Defendant Karen Khamisi resides in the territory which this Court controls.

## FACTS

4

16. Plaintiff and Defendant Karen Khamisi were married to each other on August 30, 2015, in Lebanon.

17. On January 11 2021, Defendant Karen Khamisi signed a Section 213A Affidavit of Support (Form I-864) sponsoring Plaintiff for permanent resident status pursuant to the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a) 4 and 1183a. A true and correct copy of this form is attached, hereto, **Exhibit A.**

18. On January 11, 2021, Defendant Andrawos Khamisi signed a Section 213A Affidavit of Support (Form I-864) sponsoring Plaintiff for permanent resident status pursuant to the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a) 4 and 1183a. A true and correct copy of this form is attached, hereto, **Exhibit B.**

19. In the Affidavits of Support, Defendants agreed to provide whatever support necessary to maintain Plaintiff at an income of not less than 125% of the Federal Poverty Line during the entire period during which the Affidavit is enforceable.

20. The Affidavit is an enforceable contract between Defendants and the United States Government.

21. Defendants have breached the contract by failing to meet their obligations to the Plaintiff pursuant to the terms of the executed Affidavit and have not provided the Plaintiff with the requisite financial support pursuant to the Affidavit.

22. The Affidavit is "legally enforceable against the Sponsor (Defendants) by the Sponsored Alien (Plaintiff)…" 8 U.S.C. § 1183a(a)(1)(B).

23. On or about April 14, 2023, Plaintiff and Defendant Karen Khamisi were separated in Tampa, Florida.

24. The Affidavit is enforceable against Defendant Karen Khamisi even though the parties are in the midst of divorce proceedings. *See* **Exhibit A** at Paragraph 7 (noting that divorce does not terminate Defendant Karen Khamisi's obligation).

25. Plaintiff is not earning 125% above the Federal Poverty Line.

26. Defendants are earning in excess of 125% above the Federal Poverty Line and/or have the means by which to fulfill their obligations to the United States Government and the Plaintiff.

27. The Affidavit of Support is currently enforceable by Plaintiff against Defendants as Plaintiff meets none of the criteria that would cause Defendants' obligation to terminate by operation of law. *See* 8 CFR 213a.2.(e).

28. Defendants refuse to provide Plaintiff with the support necessary to maintain Plaintiff at 125% above the Federal Poverty Line.

29. Defendants' failure to maintain Plaintiff at 125% of the federal poverty guidelines in the period since the Affidavit of Support became enforceable,

constitutes a breach of the Affidavit of Support, which Plaintiff has standing to enforce through the instant litigation.

30. All conditions precedent to the filing of this action have occurred, are excused, or have been waived.

31. As a result of Defendants' acts and omissions, including their failure to support Plaintiff at 125% of the Federal poverty line from the time the Affidavit of Support became enforceable, Plaintiff was required to hire counsel and pay counsel reasonable attorney's fees and associated costs of collection.

32. Plaintiff is entitled to recover his attorney's fees and costs incurred to enforce the Affidavit of Support pursuant to 8 U.S.C. § 1183a(c), which expressly defines as an available remedy the "payment of legal fees and other costs of collection" related to the enforcement of the Affidavit of Support.

<u><b>BREACH OF CONTRACT (Damages)</b></u><br><b>Count I</b>

33. Plaintiff repeats and realleges as paragraphs 1 through 32 as if fully set forth herein.

34. On January 10, 2021, Defendants executed the Affidavit of Support (Form I-864) for the benefit of Plaintiff so that Plaintiff could become a permanent resident. **Exhibit A**.

35. Defendants signed the Affidavit thereby entering into a contractual relationship with the United States Government in exchange for Plaintiff's eligibility

to become a permanent resident of the United States. By entering into this contract, Defendants assented to the personal jurisdiction of this Court to enforce the obligations under the Affidavit of Support and agreed that Plaintiff may sue them for this support. *See* **Exhibit A**; 8 C.F.R. 213a.2.

36. The Affidavit of Support is a valid legal contract.

37. Under the terms of the Affidavit of Support, Plaintiff is an intended third-party beneficiary entitled to seek enforcement of the Affidavit of Support's terms, and specifically the requirement that the Defendants maintain him at 125% of the federal poverty line during the Affidavit of Support's period of enforceability.

38. Defendants breached their duty under the Affidavit of Support when they failed to provide Plaintiff the support necessary to maintain him at an income no less than 125% of the poverty level.

39. Plaintiff is entitled to damages pursuant to the plain terms of the instant contract, 8 U.S.C. § 1183a, and 8 C.F.R. § 213a.2(d), in the amount of at least $31,075 for Defendants' breach of the Affidavit of Support from the date the Affidavit of Support became enforceable through the date of the Complaint being filed.

40. By statute, Defendants are jointly and severally liable to Plaintiff for these amounts. 8 C.F.R. §213a.2.

41. Plaintiff is entitled to an award of his attorneys' fees and costs pursuant to the terms of the Affidavit of Support and 8 U.S.C. §1183a(c).

## BREACH OF CONTRACT (Specific Performance)
## Count II

42. Plaintiff repeats and realleges as paragraphs 1 through 32, and 34 through 41, as if fully set forth herein.

43. Pursuant to 8 U.S.C. § 1183a(c), Plaintiff is entitled to seek "an order for specific performance" of the Affidavit of Support in a civil action.

44. Plaintiff is entitled to an order that Defendants prospectively maintain Plaintiff at 125% of the poverty line prospectively, until such time as the Affidavit of Support's period of enforceability terminates.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through his undersigned counsel, respectfully prays that this Honorable Court grant the following relief:

(1) As to count I, order Defendants to provide to Plaintiff all back amounts owed for support at 125% of the poverty line since the I-864 Affidavit of Support's enforceability date.

(2) As to count II, enter a continuing order of specific performance as provided by 8 U.S.C. § 1183a(c); requiring Defendants to comply with the Affidavit going forward;

(3) Grant Plaintiff all relief presently available pursuant to 8 U.S.C. § 1183a(c);

(4) Award Plaintiff his costs and reasonable attorney's fees associated with collection pursuant to the terms of the Affidavit of Support and 8 U.S.C. § 1183a(c);

(5) Grant such other relief as this Court deems just and proper.

Dated: April 16, 2023

                            Respectfully submitted by,

                            */s/ Sam Y. Badawi*
                          **SAM Y. BADAWI, ESQUIRE**
                          **BADAWI LAW**
                          *Attorney for Plaintiff*
                          Florida Bar Number: 120218
                          Primary: Sam@badawilaw.com
                          Secondary: admin@badawilaw.com
                          14505 University Point Place
                          Tampa, Florida 33613
                          Phone: (813) 508-8808
                          Fax: (813) 644-7152